IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE SMITH<br>417 Franklin Ave.<br>Waverly, OH 45690<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN OHIO BOTANICALS, LLC.<br>15451 US-23<br>Waverly, Ohio 45690<br><br>**Serve Also:**<br>Southern Ohio Botanicals, LLC<br>c/o Joshua Smith<br>2181 US- 23<br>Waverly, Ohio 45690,<br><br>Defendant. | ) | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Stephanie Smith, by and through undersigned counsel, as her complaint against the Defendant, states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Smith is a resident of the city of Waverly, county of Pike, state of Ohio.
2. Southern Ohio Botanicals, LLC. is a domestic limited liability corporation that is principally located in Pike County, state of Ohio.
3. All material events alleged in this complaint occurred in county of Pike.
4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Smith is alleging a federal law claim under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII").

5. This Court has supplemental jurisdiction over Smith's state law claims pursuant to 28 U.S.C. § 1367 as Smith's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

7. Within 300 days of the conduct alleged below, Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") Charge No, 473-2024-02754 against Defendant Southern Ohio Botanicals, LLC. ("Smith EEOC Charge").

8. On or about March 21, 2025, the EEOC issued and mailed a Notice of Right to Sue letter to Smith.

9. Smith received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) – which has been attached hereto as Plaintiff's Exhibit A.

10. Smith has filed this complaint within 90 days of the issuance of the Notice of Right to Sue letter.

11. Smith has properly exhausted her administrative remedies pursuant to 29 C.F.R. 1614.407(b).

## <u>FACTS</u>

12. Smith is a former employee of Southern Ohio Botanicals.

13. Southern Ohio Botanicals hired Smith in or around April 20, 2023.

14. Smith worked for Southern Ohio Botanicals as a Director of Business Development.

15. Smith is a woman.

16. Smith's supervisor was Travis Savage.

17. Savage was the Chief Operating Officer.

18. Savage is male

19. Savage did not make the decision to hire Smith.

20. In or around March 2024, Savage made inappropriate Sexists comments to Smith ("Sexists Remarks").

21. Sexists Remarks consisted of Savage telling Smith that the male employees had difficulty with a woman in charge of things.

22. Sexists Remarks consisted of Savage telling Smith "When woman yell, they hear either their wife or their mother."

23. Sexists Remarks consisted of Savage advising Smith to stop raising her voice so she did not make the men employees think about their wives and mothers in the workplace.

24. In or around early May 2024, Savage demoted Smith.

25. Smith was given no reason for the demotion.

26. The demotion was a result of the Sexists Remarks made by Savage.

27. In or around late May 2024 Smith was diagnosed with Obsessive-Compulsive Disorder ("OCD") ("Disability").

28. Despite Smith's Disability, Smith was still able to perform the essential functions of her job.

29. Southern Ohio Botanicals has a record of Smith's Disability.

30. In or around May 2024, Smith made Defendant aware of her Disability.

31. In or around May 2024, Smith verbally made Savage aware of her disability

32. In or around May 2024, Smith verbally made Joshua Smith aware of her Disability.

33. Joshua Smith is the CEO of Southern Botanicals.

34. In or around May 2024, Smith verbally made Talon Osborne aware of her Disability.

35. Osborn was the Purchasing Manager.

36. In or around May 2024, Smith verbally made Saij Faulkner aware of her disability.

37. Faulkner was the inventory manager.

38. In or around May 2024, Smith verbally made Joshua Olivier aware of her disability.

39. Oliver was the Chairman of the Board.

40. As a result of Smith's Disability, Smith is and was considered disabled within the meaning of the ADA.

41. Alternatively, Southern Ohio Botanicals perceived Smith as being disabled.

42. OCD is a mental health condition.

43. OCD substantially limits one or more of Smith's major life activities, including work.

44. Smith disclosed her Disability to Savage.

45. Savage is not disabled.

46. On or around July 30, 2024, Savage told Smith she needed to seek counseling to "figure out whatever is wrong" with her referring to her Disability ("Disability Discriminatory Remark").

47. On July 30, 2024, Defendant terminated Smith ("Termination").

48. Savage informed Smith of her termination.

49. Savage made the decision to terminate Smith.

50. Southern Ohio Botanicals terminated Smith's employment because of Smith's Disability.

51. Southern Ohio Botanicals terminated Smith's employment because of Smith's gender.

52. The Termination constitutes disability discrimination.

53. The Termination constitutes gender discrimination.

54. Southern Ohio Botanicals has a progressive disciplinary policy. ("Disciplinary Policy")

55. Southern Ohio Botanicals used the Disciplinary Policy.

56. Southern Ohio Botanicals used the Disciplinary Policy for employees who are not disabled.

57. Southern Ohio Botanicals used the Disciplinary Policy for employees who are not women.

58. Smith had not been given a verbal warning.

59. Smith had not been given a written warning.

60. Smith had not been given a final written warning.

61. Smith had not been given a suspension.

62. Prior to terminating Smith, Southern Ohio Botanicals never issued any written communication criticizing Smith for any reason.

63. Southern Ohio Botanicals knowingly skipped progressive disciplinary steps in terminating Smith's employment.

64. Southern Ohio Botanicals knowingly terminated Smith's employment.

65. Southern Ohio Botanicals knowingly took adverse employment actions against Smith.

66. Southern Ohio Botanicals knowingly took adverse actions against Smith.

67. Southern Ohio Botanicals intentionally skipped progressive disciplinary steps in terminating Smith.

68. Southern Ohio Botanicals intentionally terminated Smith's employment.

69. Southern Ohio Botanicals intentionally took adverse employment actions against Smith.

70. Southern Ohio Botanicals intentionally took adverse actions against Smith.

71. Southern Ohio Botanicals knew that skipping progressive disciplinary steps in terminating Smith would cause Smith harm.

72. Southern Ohio Botanicals knew that terminating Smith would cause Smith harm.

73. Southern Ohio Botanicals willfully skipped progressive disciplinary steps in terminating Smith.

74. Southern Ohio Botanicals willfully terminated Smith's employment.

75. There was a causal connection between Smith's Disability and the Termination.

76. There was a causal connection between Smith's gender and the Termination.

77. As a result of Southern Ohio Botanicals 's unlawful acts, Smith has suffered and will continue to suffer harm.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**

78. Smith restates each and every prior paragraph of this complaint as if it were fully restated herein.

79. Smith suffers from OCD.

80. Smith is disabled pursuant to 42 U.S.C. §12102.

81. Southern Ohio Botanicals perceived Smith as being disabled.

82. Smith's conditions constitute a mental health condition.

83. Smith's conditions substantially impaired one or more of her major life activities including working.

84. Southern Ohio Botanicals perceived Smith's conditions to substantially limit one or more of her major life activities including working.

85. Southern Ohio Botanicals treated Smith differently than to her similarly situated employees based on her disabling conditions.

86. Despite Smith's actual or perceived disabilities, Smith was still able to perform all the essential functions of her job.

87. On or about July 30, 2024, Southern Ohio Botanicals terminated Smith's employment.

88. Southern Ohio Botanicals terminated Smith's employment based her disability.

89. Southern Ohio Botanicals violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. when they discharged Smith based on her disability.

90. Southern Ohio Botanicals violated 42 U.S.C. § 12112(a) by discriminating against Smith based on her disabling condition.

91. As a direct and proximate result of Southern Ohio Botanical's conduct, Smith suffered and will continue to suffer damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02**

92. Smith restates each and every prior paragraph of this complaint as if it were fully restated herein.

93. Smith is disabled under R.C. § 4112.02.

94. Southern Ohio Botanicals perceived Smith as being disabled.

95. Smith's conditions constitute a mental health condition.

96. Smith's conditions substantially impaired one or more of her major life activities including working.

97. Southern Ohio Botanicals perceived Smith's conditions to substantially limit one or more of her major life activities including working.

98. Southern Ohio Botanicals treated Smith differently than to her similarly situated employees based on her disabling conditions.

99. Despite Smith's actual or perceived disabilities, Smith was still able to perform all the essential functions of her job.

100. On or about July 30, 2024, Southern Ohio Botanicals terminated Smith's employment.

101. Southern Ohio Botanicals terminated Smith's employment based her disability.

102. Southern Ohio Botanicals violated R.C. § 4112.02 when it discharged Smith based on her disability.

103. Southern Ohio Botanicals violated R.C. § 4112.02 by discriminating against Smith based on her disabling condition.

104. As a direct and proximate result of Southern Ohio Botanical's conduct, Smith suffered and will continue to suffer damages.

**COUNT III: GENDER DISCRIMINATION, IN VIOLATION OF TITLE VII**

105. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

106. Smith is a member of a statutorily protected class based on her gender under Title VII.

107. Southern Ohio Botanicals treated Smith differently than other similarly-situated employees based on her gender.

108. Southern Ohio Botanicals discriminated against Smith on the basis of her gender throughout her employment with the company.

109. Southern Ohio Botanicals terminated Smith's employment without just cause.

110. Southern Ohio Botanicals terminated Smith's employment based on her gender.

111. Southern Ohio Botanicals 's discrimination against Smith based on her gender violates Title VII.

112. As a direct and proximate result of Southern Ohio Botanicals 's conduct, Smith suffered and will continue to suffer damages, including economic and emotional distress and physical sickness damages.

**COUNT IV: GENDER DISCRIMINATION UNDER R.C. § 4112.02**

113. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

114. Smith is a member of a statutorily protected class based on her gender under R.C. § 4112.02.

115. Southern Ohio Botanicals discriminated against and disparately treated Smith differently than at least one other similarly-situated male employee.

116. Southern Ohio Botanical's discrimination against Smith based on her gender violates R.C. § 4112.01 et seq.

117. Smith suffered emotional distress as a result of Southern Ohio Botanical's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 et seq.

118. As a direct and proximate result of Southern Ohio Botanical's conduct, Smith suffered and will continue to suffer damages including economic and emotional distress.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff demands from Defendant the following:

(a) Issue an order requiring Southern Ohio Botanicals to restore Plaintiff to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Plaintiff for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award against each Defendant of punitive damages, per claim to be proven at trial;

(d) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such to her relief as this Court may deem necessary and proper.

Respectfully submitted,

*_/s/ Trisha Breedlove_*
Trisha Breedlove (0095852)
William LaGrone (0104199)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, OH 43229
Phone: (614) 468-8043
Fax: (216) 291-5744
Email: William.lagrone@spitzlawfirm.com

*Attorneys For Plaintiff*

**JURY DEMAND**

Plaintiff demands a trial by jury by the maximum number of jurors permitted.

*_/s/ Trisha Breedlove_*
Trisha Breedlove (0095852)
William LaGrone (0104199)
**THE SPITZ LAW FIRM, LLC**